McRAE, Justice,
dissenting:
¶ 41. I join Justice Banks’s dissent, in that the State does not have the statutory authority to pursue this appeal. In addition, I write to- address, the feasibility of allowing our circuit courts .to retain original jurisdiction over making decisions regarding the transfer of causes to youth courts.
I.
¶ 42. The logic used by the majority to justify the State’s authority to appeal is strained because the ruling by the court below does not equate with the quashing of an indictment. Unlike quashing an indictment, which can terminate a case, a decision to transfer a ease to youth court does not mean that judicial labor has come to an end regarding the charge against a youth. Rather, it means that the youth court is better suited 'to determine the best disposition of the case against the youthful offender. The decision to transfer does not diminish thé grand jury’s conclusion that the State may 'seek a conviction against an alleged offender. Whether the proceedings in youth court are labeled civil or criminal, the youth court still can impose punishment upon the offender. Therefore, the majority has no basis to analo *160 gize the instant case to the quashing of an indictment, and the State should not have been allowed to pursue this appeal.
II.
¶ 43. Additionally, the majority states that the eii-cuit court looked only to the interest of the juvenile in this case, as opposed to the State’s interest of justice. However, the interest of justice is realized when the interest of the juvenile has justice incorporated into the determination of whether a criminal matter should first be resolved in the youth court instead of the circuit court, which should only be trying adults. The interest of justice is a concept that resides within the spirit of the youth court statutes, and it cannot be reshaped to override the interest of a juvenile. Unfortunately, giving the circuit court original jurisdiction over transfer of causes to youth court does just that.
¶ 44. The youth court should retain jurisdiction to decide whether a youth crime case should be kept in the youth court or transferred to the circuit court. Miss.Code Ann. § 43-21-157(5)(1993) and Foster v. State, 639 So.2d 1263 (Miss.1994), both mentioned by the majority, clearly require that the youth couH weigh several factors when determining the reasonable prospects of rehabilitation within the juvenile justice system, not the circuit court. The statute presupposes that the youth court will have jurisdiction and will determine if a ease is to be certified to the circuit court. Moreover, the youth court is better situated to make decisions regarding the interest of the juvenile, as is reflected by the Legislature’s reference to the youth court within Miss.Code Ann. § 43-21-157(5); the circuit court does not have the facilities to evaluate juvenile interests. If the circuit court always makes the decision on whether a case should be transferred to the youth court, the role of the youth court is then severely diminished. In effect, the district attorney will be deciding whether a youthful offender will be prosecuted as an adult or a juvenile.
III.
¶ 45. In conclusion, this case is not properly before this Court. Further, the majority ignores the statute giving the youth court authority to determine the prospects of rehabilitation within the juvenile justice system. The case should be reviewed in the youth court first, and pursuant to Miss.Code Ann. 43-21-157(5), the youth court judge can then decide whether to transfer the case to circuit court. Accordingly, I dissent.
SULLIVAN, P.J., and BANKS, J., join this opinion.